**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., an Arizona non-profit corporation,<br><br>Plaintiff/Counterdefendant,<br><br>vs.<br><br>Sharda, LLC, a Utah limited liability company; and Muljibhai M. Chaudhari,<br><br>Defendants/Counterclaimants. | No. CV-08-1219-PHX-DGC<br><br>**ORDER** |

On November 21, 2008, the Court held a hearing pursuant to the Order to Show Cause entered on September 29, 2008. Dkt. #46. The Court also addressed Plaintiff's Motion for Sanctions. Dkt. #50. In addition to the briefing on these matters, which the Court reviewed prior to the hearing, the Court received proffers from the parties, identified the largely undisputed facts on both matters, and heard oral argument. This Order will summarize the Court's conclusions.

**I.    Order to Show Cause.**

The Court concluded that Defendants did not take reasonable steps to comply with the Preliminary Injunction issued by the Court on August 20, 2008. As of September 16, 2008, Defendants had failed to remove easily removable items from their hotel that bore the Best Western marks. These included a door mat, notepads, pens, cups, toiletries, laundry bags, do-not-disturb signs, and waste baskets. These items could have been removed within two weeks of the Preliminary Injunction. They were removed only after Plaintiff filed a motion seeking contempt sanctions.

1    Defendants are now in substantial compliance with the Preliminary Injunction. Defendants have removed or covered the marks on the items listed above and have transferred their affiliation to Days Inn. Although a website for a festival in Delta, Utah, continues to identify Defendants' hotel as affiliated with Best Western, a click on the link at that website directs the viewer to the Best Western website, not to Defendants' hotel. The Court concludes that Defendants are in substantial compliance with the Preliminary Injunction notwithstanding this website.

As a sanction for Defendants' failure to reasonably comply with the Preliminary Injunction, the Court will require Defendants to pay all reasonable attorneys' fees incurred by Plaintiff in investigating and prosecuting the contempt motion. On or before **December 5, 2008**, Plaintiff shall file an application identifying the attorneys' fees and costs incurred. Defendants shall file a response on or before **December 17, 2008.** No reply or oral argument will be permitted.

**II.    Motion for Sanctions.**

Defense counsel has repeatedly failed to comply with the Court's orders and the federal and local rules of civil procedure. Defense counsel failed to file a timely answer, failed to seek admission pro hac vice before filing matters in this case, filed a cross-motion for injunctive relief without first answering the complaint or filing a counterclaim, failed to comply with the Court's local rules concerning electronic filing, and failed to file a timely response to the application for a temporary restraining order. *See* Dkt. #19. Defense counsel failed to appear at the September 26, 2008 case management conference, failed to file a timely response to the Order to Show Cause, and failed to produce an initial disclosure statement by October 1, 2008, as required in the Case Management Order (Dkt. #51).

Defense counsel explained that he has been involved in a difficult personal custody battle for several months, that he recently formed and dissolved a partnership, that he has experienced a significant turnover of lawyers in his office, and that he recently transferred to a new computer system. Even accepting these assertions as true, they do not excuse defense counsel's repeated failures to comply with orders and rules over the course of many

- 2 -

months. The Court concludes that sanctions are warranted.

Plaintiff asks the Court to enter a default judgment on its complaint and dismiss Defendants' counterclaim as a sanction. The Ninth Circuit has made clear, however, that the Court cannot dismiss claims or enter default judgments without first considering less drastic sanctions. *Valley Eng'rs, Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998). The Court concludes that lesser sanctions will suffice in this instance.

On or before **December 5, 2008**, Plaintiff shall file an application for attorneys' fees incurred in connection with the motion for sanctions. Defendants shall file a response on or before **December 17, 2008**. The Court will award a recovery of Plaintiff's reasonable attorneys' fees as a sanction for Defendants' repeated non-compliance. The Court likely will impose this award against defense counsel, not Defendants, but will reserve that decision until the application and response have been reviewed. No reply or oral argument will be permitted.

**IT IS ORDERED:**

1. As a sanction for failing to comply reasonably with the Court's Preliminary Injunction, Defendants shall be required to reimburse Plaintiff's costs and attorneys' fees incurred in connection with the motion for contempt.

2. Plaintiff's Motion for Sanctions (Dkt. #50) is **granted**. Plaintiff shall recover costs and attorneys' fees incurred in connection with the motion for sanctions, as described above.

3. On or before **December 5, 2008**, Defendants shall produce their initial disclosure statement to Plaintiff. At the same time, Defendants shall produce to Plaintiff all exhibits used by Defendants during the August 14, 2008 hearing on the Preliminary Injunction.

4. Defendants are warned that further violations of orders or rules will result in more severe sanctions, including the possibility of default judgment and dismissal.

DATED this 24th day of November, 2008.

_____
David G. Campbell
United States District Judge