**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Best Western International, Inc., an Arizona non-profit corporation,<br><br>    Plaintiff/Counterdefendant,<br><br>vs.<br><br>Sharda, LLC, a Utah limited liability company; and Muljibhai M. Chaudhari,<br><br>    Defendants/Counterclaimants. | No. CV-08-1219-PHX-DGC<br><br>**ORDER** |

In response to Plaintiff's motion that Defendants be held in contempt (Dkt. #43), the Court held that Defendants did not take reasonable steps to comply with the Preliminary Injunction issued by the Court on August 20, 2008. Dkt. #68. As a sanction, the Court ruled that Defendants must pay all reasonable attorneys' fees incurred by Plaintiff in investigating and prosecuting the contempt motion. *Id.* In response to Plaintiff's motion for sanctions (Dkt. #50), the Court held that defense counsel should be sanctioned for repeatedly failing to comply with court orders and the federal and local rules of civil procedure. Dkt. #68. Plaintiff has now submitted applications for attorneys' fees related to violation of the Preliminary Injunction and failure to comply with orders and rules. Dkt. #70. Defendants have responded. Dkt. #73. No other briefing or oral argument is permitted. Dkt. #68.

**I.    Sanction for Failure to Comply with Preliminary Injunction.**

Plaintiff seeks to recover $12,477.56 in attorneys' fees incurred in seeking to secure Defendants' compliance with the Preliminary Injunction. Plaintiff has submitted a

1 memorandum in support of its request as well as the declaration of Arthur W. Pederson in
2 support of the specific fee amounts. Dkt. #70, Ex. 1. Defendants object to Plaintiff's
3 application, arguing that Plaintiff has failed to demonstrate that the hourly rates charged by
4 Plaintiff's counsel are reasonable in the prevailing market and that some of the time recorded
5 by Plaintiff's counsel is excessive.

6 The Court has reviewed Plaintiff's memorandum, the supporting affidavit, and the
7 timesheets attached as exhibits. The Court concludes that the attorneys' fees incurred by
8 Plaintiff are reasonable. Having practiced law and sat as a judge for more than 25 years in
9 the Phoenix community, the Court is familiar with local hourly rates. The Court concludes
10 that the hourly rates charged by Plaintiff's counsel are reasonable. The Court also concludes
11 that Plaintiff's counsel did not invest excessive time in drafting the motion for contempt and
12 supporting documentation, drafting the reply memorandum and supporting documentation,
13 responding to Defendants' motion to strike, or preparing for the hearing on the contempt
14 motion. Nor does the Court conclude that the computerized research performed by Plaintiff's
15 counsel is excessive. Defendants will be required to pay $12,477.56 as a sanction for their
16 failure reasonably to comply with the Preliminary Injunction.

17 **II.     Sanctions for Failure to Comply with Court's Orders and Rules.**

18 When defense counsel repeatedly failed to comply with the Court's orders and rules,
19 Plaintiff filed a motion seeking a default judgment. Dkt. #50. The Court did not grant this
20 sanction, but instead concluded that defense counsel should be sanctioned financially for his
21 repeated failures. Dkt. #68. Plaintiff seeks to recover $5,378.50 – the amount incurred in
22 drafting and arguing the motion for a default judgment.

23 As noted above, the Court finds the hourly rates charged by Plaintiff's counsel to be
24 reasonable. The Court also concludes that time invested in the motion for default judgment
25 was reasonable. But because the Court did not grant the default judgment requested in the
26 motion, the Court concludes that the fees incurred in connection with the motion do not fairly
27 represent the costs incurred by Plaintiff as a result of defense counsel's repeated failures.
28 The Court instead will require defense counsel (not Defendants) to pay $1,000 in fees to

Plaintiff as a sanction for defense counsel's repeated failures to comply with this Court's orders and rules. *See* Dkt. #68. The Court concludes that this sanction fairly approximates the costs incurred by Plaintiff as a result of defense counsel's actions and should be sufficient to secure defense counsel's compliance in the future.

**IT IS ORDERED:**

1. Plaintiff's motion for attorneys' fees (Dkt. #70) is **granted**. On or before **January 30, 2009**, Defendants shall pay $12,477.56 to Plaintiff as a sanction for Defendants' failure reasonably to comply with the Preliminary Injunction.

2. Plaintiff's motion for attorneys' fees (Dkt. #71) is **granted** in part. On or before **January 30, 2009**, defense counsel Jeffrey Goldstein shall pay $1,000 to Plaintiff as a sanction for repeated failures to comply with the Court's orders and rules.

DATED this 6th day of January, 2009.

/s/ David G. Campbell
David G. Campbell
United States District Judge