**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., an Arizona non-profit corporation,<br><br>Plaintiff/Counterdefendant,<br><br>vs.<br><br>Sharda, LLC, a Utah limited liability company; and Muljibhai M. Chaudhari,<br><br>Defendants/Counterclaimants. | No. CV-08-1219-PHX-DGC<br><br>**ORDER** |

Best Western International, Inc. ("Best Western") is a non-profit corporation consisting of individually owned hotels that operate under the "Best Western" mark. The rights and duties of Best Western and its members are created and governed by a membership agreement, which incorporates by reference certain bylaws and rules and regulations. The membership agreement permits the Best Western Board of Directors to terminate a member hotel for failure to meet certain quality and design standards.

In November 2006, Muljibhai Chaudhari and Sharda, LLC purchased the Best Western Motor Inn, located in Delta, Utah ("Hotel"). They entered into a membership agreement with Best Western on December 14, 2006, which was deemed effective on the date they purchased the Hotel. On April 8, 2008, Best Western terminated the membership on the ground that the Hotel failed to meet standards required by the parties' membership agreement.

Chaudhari filed a complaint against Best Western in June 2008, asserting various claims based on Best Western's alleged wrongful termination of the membership agreement. Dkt. #1, No. CV-08-1138-PHX-JAT (D. Ariz. June 18, 2008). The complaint was dismissed for lack of subject matter jurisdiction. Dkt. #12.

Best Western filed a complaint against Chaudhari and Sharda, LLC in July 2008. The complaint asserts nine claims: breach of contract, open account, breach of contract – post termination use of trademarks, federal trademark infringement, false designation of origin and unfair competition, federal trademark dilution, unfair competition under Arizona law, trademark dilution under Arizona law, and common law trademark infringement. Best Western seeks injunctive relief, actual and liquidated damages, and attorney fees and costs. Dkt. #1, No. CV-08-1219-PHX-DGC (D. Ariz. July 1, 2008). Defendants filed an answer and several counterclaims: breach of contract, breach of the covenant of good faith and fair dealing, wrongful termination, intentional misrepresentation, fraud, unconscionability, and unjust enrichment. Dkt. #23.

Best Western has filed a motion for summary judgment. Dkt. #81. The motion has been fully briefed. Dkt. ##94, 104. Defendants have filed a motion for continuance pursuant to Rule 56(f) of the Federal Rules of Civil Procedure (Dkt. #96) and a motion to withdraw admissions pursuant to Rule 36(b) (Dkt. #99). Best Western has filed responses to those motions. Dkt. ##100, 106. Defendants have failed to file replies, and the time for doing so has expired. For reasons stated below, the Court will deny Defendants' motions and grant Best Western's summary judgment motion.

**I.  Defendants' Rule 56(f) Motion.**

One day after filing Defendants' response to the summary judgment motion, counsel for Defendants, Jeffrey Goldstein, filed a declaration in support of the request for a Rule 56(f) continuance. Dkt. #96. To obtain a continuance under Rule 56(f), Defendants "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *California v. Campbell*, 138

1  F.3d 772, 779 (9th Cir. 1998); *see Family Home & Fin. Ctr., Inc.*, 525 F.3d 822, 827 (9th
2  Cir. 2008). Defendants have established none of these requirements.

3  First, the Rule 56(f) declaration (Dkt. #96) is not sworn nor made under penalty of
4  perjury. *See* 28 U.S.C. § 1746 (declaration made under penalty of perjury may be submitted
5  in lieu of sworn affidavit); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir.
6  1988) (unsworn affidavit not made under penalty of perjury must be disregarded for
7  summary judgment purposes).

8  Second, the declaration does not identify the specific facts sought to be discovered,
9  nor does it show that such facts exist. The declaration asserts that further discovery will
10 reveal that Best Western unfairly applied its quality standards to the Hotel (Dkt. #96 ¶¶ 4-5),
11 that Best Western misrepresented that the Hotel was in compliance with those standards at
12 the time Defendants purchased the Hotel (*id.* ¶ 6), and that Best Western's liquidated
13 damages measure is unreasonable (*id.* ¶ 7), but these general assertions are not enough.
14 Rule 56(f) requires a showing of "particular facts" expected from the discovery. *Mackey v.*
15 *Pioneer Nat'l Bank*, 867 F.2d 520, 523-24 (9th Cir. 1989). Defendants have made no such
16 showing. *See United States v. $5,644,540.00 in U.S. Currency*, 799 F.2d 1357, 1363 (9th
17 Cir. 1986) (party seeking Rule 56(f) continuance "'may not simply rely on vague assertions
18 that additional discovery will produce needed, but unspecified facts.'") (citation omitted);
19 *Maljack Productions, Inc. v. Goodtimes Home Video Corp.*, 81 F.3d 881, 888 (9th Cir. 1996)
20 (district court properly denied the defendant "further discovery to search for evidence it
21 thought 'may exist'") (citation omitted).

22 Third, while the declaration asserts that further discovery will provide "additional
23 evidence in support of [D]efendants defenses and counterclaims" (Dkt. #96 ¶ 3), Defendants
24 do not contend that discovery is "'essential' to resist the summary judgment motion."
25 *Campbell*, 138 F.3d at 779; *see* Dkt. ##94, 96 ¶ 2.

26 Finally, Defendants have failed to pursue discovery diligently. *Brae Transp., Inc. v.*
27 *Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986); *see Mackey*, 867 F.2d at 524.
28 Defendants first sought discovery more than a month after the summary judgment motion

1  was filed (*see* Dkt. #81, 96-2), more than seven months after being served with Best
2  Western's initial disclosures (*see* Dkt. #41 ¶ 10), and more than ten months after initially
3  asserting claims against Best Western (*see* Dkt. #1, No. CV-08-1138-PHX-JAT). "The
4  failure to conduct discovery diligently is grounds for the denial of [the] Rule 56(f) motion."
5  *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002); *see Beneficial Std. Life*
6  *Inc. Co. v. Madariaga*, 851 F.2d 271, 277 (9th Cir. 1988) (six-month period was sufficient
7  to provide the defendants a reasonable opportunity for discovery).

**II.     Defendants' Motion to Withdraw Admissions.**

On January 13, 2009, Best Western served requests for admissions on Defendants by mailing them to Mr. Goldstein. Dkt. #82-2. Rule 36(a) states that a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection to the matter." Fed. R. Civ. P. 36(a)(3). Mr. Goldstein sent answers to Best Western on April 16, 2009 (*see* Dkt. ##99 at 2, 100-13 ¶ 3), several months after the 30-day deadline had expired. Best Western's requests for admissions were therefore deemed admitted pursuant to Rule 36(a).

Only after Best Western filed a motion for summary judgment, relying in part upon the deemed admissions, did Defendants file a motion seeking to withdraw the admissions. Dkt. #99. The motion was filed on May 1, 2009, more than two months after the requests for admissions were deemed admitted in light of Defendants' failure to timely respond.

Rule 36(b) provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). "Rule 36(b) is permissive, not mandatory, with respect to the withdrawal of admissions." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007). The Court may grant relief from a deemed admission where (1) it would "promote the presentation of the merits of the action" and (2) it would not "prejudice the [nonmoving] party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b).

**A.     Presentation of the Merits.**

Best Western contends that while the admissions clearly relate to the merits of the

case, they are consistent with the evidence of record and the Court's prior finding that Defendants do not have a strong case. Dkt. #100 at 6. The requests for admissions are extensive. *See* Dkt. #82-2. By failing to timely respond to the requests, Defendants admitted the existence of critical facts supporting Best Western's claims and admitted that they have no evidence to support their defenses and counterclaims. *See id.* The Court finds that upholding the admissions would effectively eliminate full consideration of the merits of the case. *See Hadley*, 45 F.3d 1345, 1348 (9th Cir. 1995).

### B. Prejudice.

The second prong of the test is also satisfied. Best Western recognizes that reliance on the admissions in preparing its summary judgment motion does not constitute prejudice under Rule 36(b). Dkt. #100 at 14; *see Conlon*, 474 F.3d at 624. Best Western asserts that it has been prejudiced by Defendants' repeated failure to follow court orders and the federal and local rules of civil procedure (Dkt. #100 at 14), but the prejudice inquiry under Rule 36(b) must "focus on the prejudice that [Best Western] would suffer at trial." *Conlon*, 474 F.3d at 623. Because no trial date has been set and the Court has discretion to extend the July 2, 2009 discovery deadline (*see* Dkt. #51 ¶ 4), the Court is not persuaded that withdrawal of the admissions would prejudice Best Western at trial.

### C. Other Factors.

Consideration of the two Rule 36(b) factors, however, does not end the Court's inquiry. This Circuit has made clear that in deciding whether to allow the withdrawal of admissions, "the district court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." *Conlon*, 474 F.3d at 625. Consideration of these additional factors, as well as Defendants' and Mr. Goldstein's blatant disregard of Court orders and the rules of civil procedure, compels the conclusion that withdrawal of the admissions should not be allowed.

The requests for admissions were sent to Mr. Goldstein's address of record and were not returned to Best Western as undeliverable. *See* Dkt. ##82-2, 100-13 ¶¶ 1, 6.

1  Mr. Goldstein asserts that he did not receive the mailed requests (Dkt. #99 at 2), but presents
2  no evidence in support of this assertion. Moreover, Mr. Goldstein provides no explanation
3  for the failure to timely respond to the requests once they were made part of the record
4  through the filing of Best Western's summary judgment motion. *See* Dkt. #82-2. Good
5  cause does not exist to justify the delay in responding to the requests for admissions.

6  Nor does it appear that Defendants have a strong case on the merits. As set forth in
7  the Court's order granting Best Western's motion for a preliminary injunction (Dkt. #34), and
8  as explained more fully below with respect to the summary judgment motion, the evidence
9  shows that Best Western properly terminated the parties' membership agreement because the
10 Hotel received an inspection score well below the score required by the agreement.

11 The repeated failure to comply with Court orders and the rules of civil procedure also
12 supports the denial of Defendants' motion. The problems began before the instant action was
13 even filed. In the case before Judge Teilborg (No. CV-08-1138-PHX-JAT), Mr. Goldstein
14 failed to file a timely response to the order to show cause. *See* Dkt. ##6, 11. Judge Teilborg
15 noted in his order of dismissal that Mr. Goldstein had not been admitted to practice in
16 Arizona, had not registered to use the Court's electronic filing system, and had not provided
17 the Court with correct contact information. Dkt. #12.

18 The acts of non-compliance continued in this case. Defendants failed to comply fully
19 with the preliminary injunction issued by the Court. *See* Dkt. ##34, 68, 76. Mr. Goldstein
20 failed to file a timely answer, failed to seek admission before filing matters in this case, filed
21 a cross-motion for injunctive relief without first answering the complaint or filing a
22 counterclaim, failed to comply with the Court's local rules concerning electronic filing, and
23 failed to file a timely response to the motion for temporary restraining order. *See* Dkt. ##19,
24 68. Mr. Goldstein failed to appear at the case management conference, failed to file a timely
25 response to the order to show cause, and failed to produce a timely initial disclosure
26 statement. *See* Dkt. ##51, 68. The Court imposed sanctions on Mr. Goldstein to secure his
27 compliance in the future (Dkt. #76), but that effort was unavailing – he failed to file a timely
28 response to the motion for summary judgment (*see* Dkt. #91).

**D. Summary.**

Defendants and their counsel repeatedly have failed to follow the federal and local rules and this Court's orders. Defendants' failure to respond to Best Western's requests for admissions, and their delay in seeking to have the admissions set aside, constitute additional examples of their utter disregard for applicable rules and orders. Defendants and defense counsel have demonstrated time and again that they intend to act on their own schedule, regardless of contrary rules or significant inconvenience and expense to Best Western and the Court. The drafters of Rule 36 created consequences for such disregard – requests were to be deemed admitted. The drafters knew that real consequences were necessary if litigation was to be completed in a timely manner. If ever there was a case where the internal sanctions of Rule 36(b) are warranted, this is it. Defendants' disregard of rules and orders has been downright abusive and has cost Plaintiff and the Court untold hours and inconvenience. Their behavior, plus the fact that they do not have a strong case on the merits, compels the Court to exercise its discretion under Rule 36(b) and deny Defendants' motion to withdraw admissions. *See Conlon*, 474 F.3d at 625 (district court did not abuse its discretion in denying motion to withdraw admissions where the moving party did not show good cause); *United States v. $24,059.00 in U.S. Currency*, No. CV06-2100-PHX-MHM, 2008 WL 249080, at *7 (D. Ariz. Jan. 28, 2008) (denying motion to withdraw admissions where the moving party did not show good cause and did not have a strong case on the merits).

**III. Best Western's Summary Judgment Motion.**

Best Western seeks summary judgment on counts one through three of the complaint. Dkt. #81. Counts one and two seek recovery for breach of contract and breach of open account with respect to amounts Defendants agreed to pay in the parties' membership agreement, but have refused to pay. Dkt. #1 ¶¶ 36-46. Count three seeks to recover liquidated damages based on Defendants' continued use of Best Western marks after the termination of the membership agreement. *Id.* ¶¶ 47-51. Best Western also seeks summary judgment on Defendants' affirmative defenses and counterclaims. Dkt. #81.

Best Western bears the initial responsibility of identifying those portions of the record

which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The evidence identified by Best Western shows the following:

Best Western's rules and regulations provide that members will be subjected to twice-annual inspections of their properties. These inspections begin with a total of 1,000 points; deductions are then made for specific deficiencies found at the properties. The minimum acceptable inspection score is 800. Properties receiving a score below 800 are placed on probation. Best Western's Board of Directors may cancel the membership agreement with respect to any property that receives two consecutive scores below 800 or a single inspection score below 600. Before cancelling a membership agreement, the rules and regulations require that Best Western grant a hearing before its Board of Directors.

The parties entered into a membership agreement with respect to the Hotel. Best Western inspected the Hotel on February 20, 2008. The inspection score was 273. On the basis of this score, the Board of Directors scheduled a hearing concerning Defendants' membership. The hearing was held on March 1, 2008. Defendant Chaudhari appeared and attempted to persuade the Board not to cancel the membership. On the basis of the 273 score, the Board formally terminated Defendants' membership.

The parties' membership agreement requires Defendants to pay Best Western the fees, dues, and charges generally associated with a Best Western membership and the costs of goods or services provided by Best Western. As of July 1, 2008, Defendants owed Best Western a total of $45,649.11 for these items.

Best Western owns and has registered the "Best Western" marks at issue in this case. Best Western licenses these marks to persons or entities who enter into membership agreements. Best Western's membership agreement provides that licensees must stop using the Best Western marks when their membership agreements are terminated. Defendants continued to use the Best Western marks through September 16, 2008. Pursuant to the terms of the parties' membership agreement, and based on the mean of the Hotel's room rate and the number of rooms in the Hotel, Defendants owe Best Western a total of $141,868.20 for

the continued use Best Western marks following termination of the membership agreement. *See* Dkt. ##1, 2, 22, 82.

Having reviewed Best Western's motion and supporting evidence, the Court concludes that Best Western has met its initial responsibility of demonstrating that summary judgment is appropriate with respect to counts one through three of the complaint and Defendants' affirmative defenses and counterclaims. To survive summary judgment, Defendants must present "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Defendants have not met their burden.

Consistent with their past disregard of court rules, Defendants have submitted a response and statement of facts that violate the Court's local rules of civil procedure. *See* Dkt. ##94, 94-2. The response fails to cite to the "specific paragraph in the statement of facts that supports factual assertions made in the [response]." LRCiv 56.1(e). The statement of facts fails to cite to the "specific admissible portion of the record" supporting the purported facts. LRCiv 56.1(b). The declarations offered in support the response (Dkt. ##94 at 11-2, 94-3), and Chaudhari's verification of the counterclaims (Dkt. #94-4), must be disregarded for summary judgment purposes because they are not sworn nor made under penalty of perjury. *See* 28 U.S.C. § 1746; *Nissho-Iwai Am. Corp.*, 845 F.2d at 1306. Moreover, even if the Court were to consider the declarations, they would not be sufficient to create a triable issue in light of the deemed admissions and the undisputed evidence presented by Best Western.

Summary judgment is appropriate where the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Best Western has met its initial summary judgment burden. *See Celotex*, 477 U.S. at 323. The evidence presented by Defendants is neither admissible for summary judgment purposes nor "significantly probative." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The Court will therefore grant Best Western's motion for summary judgment. *See id.*

1. **IV. Best Western's Request for a Permanent Injunction.**

Best Western requests that the preliminary injunction issued by the Court be changed to a permanent injunction (Dkt. #81 at 17), but cites no legal authority in support of this request. The preliminary injunction was issued with respect to Best Western's federal trademark infringement claim (count four). *See* Dkt. #34. Best Western has not sought summary judgment on that claim. Nor does Best Western assert that Defendants continue to use Best Western's marks in connection with the Hotel. The Court will deny the request for a permanent injunction.

**IT IS ORDERED:**

1. Defendants' motion for a Rule 56(f) continuance (Dkt. #96) is **denied**.
2. Defendants' motion to withdraw admissions (Dkt. #99) is **denied**.
3. Plaintiff's motion for summary judgment (Dkt. #81) is **granted**. Summary judgment is granted in favor of Plaintiff and against Defendants (i) on counts one and two of the complaint in the amount of **$45,649.11**, plus interest at the rate of 1.5% per month until paid in full, (ii) on count three of the complaint in the amount of **$141,868.20**, and (iii) on Defendants' counterclaims and affirmative defenses.
4. Plaintiff's request for a permanent injunction is **denied**.
5. Plaintiff shall file a report regarding the status of counts four through nine of the complaint by **June 26, 2009**. If Plaintiff does not intend to prosecute those claims, it shall file an appropriate form of judgment consistent with this order.
6. The joint motion to amend case management order (Dkt. #105) is **denied**.

DATED this 22nd day of June, 2009.

_____
David G. Campbell
United States District Judge