**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Best Western International, Inc., an Arizona non-profit corporation, | ) ) ) | No. CV-08-1219-PHX-DGC |
| Plaintiff/Counterdefendant, | ) ) | **ORDER** |
| vs. | ) ) | |
| Sharda, LLC, a Utah limited liability company; and Muljibhai M. Chaudhari, | ) ) ) | |
| Defendants/Counterclaimants. | ) ) ) | |

Best Western International, Inc. is a non-profit corporation consisting of individually owned hotels that operate under the "Best Western" mark. In November 2006, Muljibhai Chaudhari and Sharda, LLC purchased the Best Western Motor Inn, located in Delta, Utah. They entered into a membership agreement with Best Western in December 2006. Best Western terminated the membership in April 2008 because the hotel failed to meet standards required by the membership agreement.

Best Western filed a complaint against Chaudhari and Sharda, LLC in July 2008. The complaint asserted nine claims: breach of contract, open account, breach of contract – post termination use of trademarks, federal trademark infringement, false designation of origin and unfair competition, federal trademark dilution, unfair competition under Arizona law, trademark dilution under Arizona law, and common law trademark infringement. Best Western sought injunctive relief, actual and liquidated damages, and attorney fees and costs.

1  Dkt. #1. Defendants asserted several counterclaims: breach of contract, breach of the
2  covenant of good faith and fair dealing, wrongful termination, intentional misrepresentation,
3  fraud, unconscionability, and unjust enrichment. Dkt. #23.

4  The Court granted Best Western's request for preliminary injunctive relief. Dkt. #34.
5  The Court also granted summary judgment in favor of Best Western on counts one through
6  three of its complaint and on all counterclaims and affirmative defenses asserted by
7  Defendants. Dkt. #107. Judgment was entered in the total amount of $187,517.31, plus
8  interest, and counts four through nine of the complaint were voluntarily dismissed.
9  Dkt. #112.

10  Best Western has filed a motion for award of attorneys' fees. Dkt. #114. The motion
11  has been fully briefed. Dkt. ##122, 127, 128-1, 129. For reasons that follow, the Court will
12  grant the motion in part and deny it in part.

13  **I.    A.R.S. § 12-341.01.**

14  Best Western seeks a fee award against Defendants in the total amount of $122,729.77
15  pursuant to A.R.S. § 12-341.01. Dkt. #122 at 2, 8. That statute provides that "[i]n any
16  contested action arising out of a contract, express or implied, the court may award the
17  successful party reasonable attorney fees." A.R.S. § 12-341.01(A). Defendants do not
18  dispute that Best Western is entitled to a fee award under section 12-341.01(A).

19  The Court is familiar with the facts of this case and the manner in which it was
20  litigated. Having reviewed Best Western's supporting memorandum (Dkt. #122) and
21  counsel's declaration and statement of fees (Dkt. #122-1), and having considered the record
22  as a whole and the relevant fee award factors, *see Associated Indemnity Corp. v. Warner*, 694
23  P.2d 1181, 1184 (Ariz. 1985), the Court finds the requested fee award under section
24  12-341.01(A) to be reasonable and appropriate. *See also* LRCiv 54.2(c)(3)(A)-(M) (listing
25  factors bearing on the reasonableness of a fee award); *Hensley v. Eckerhart*, 461 U.S. 424,
26  429-30 & n.3 (1983) (same). The Court will grant Best Western's motion with respect to the
27  request, pursuant to A.R.S. § 12-341.01(A), for a fee award against Defendants in the amount
28  of $122,729.77.

## II. 28 U.S.C. § 1927.

Best Western seeks, pursuant to 28 U.S.C. § 1927, a fee award against Defendants' counsel, Jeffrey Goldstein, in the total amount of $18,154.40. Dkt. #122 at 2. This figure is based on fees incurred as a result of alleged misconduct on the part of Mr. Goldstein. *Id.* at 9. Specifically, Best Western seeks fees related to (i) default judgment (Dkt. ##14, 18), (ii) the cross-motion for preliminary injunction (Dkt. ##22), (iii) the motion for sanctions (Dkt. ##50, 64), and (iv) the motion to withdraw admissions, Rule 56(f) request, and requests for extensions of time (Dkt. ##89, 100, 102, 106). Dkt. #122-1 at 23 n.1.

Under section 1927, a district court has discretion to impose sanctions on an attorney who "multiplies the proceedings in any case unreasonably and vexatiously[.]" 28 U.S.C. § 1927. This Circuit has held that "'section 1927 sanctions must be supported by a finding of subjective bad faith,' which 'is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (quoting *In re Keegan Mgmt. Co, Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996)); *see Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 1999).

Having considered Mr. Goldstein's conduct during this litigation as a whole, and having considered the nature of filings cited by Best Western, the Court cannot conclude that Mr. Goldstein willfully acted in bad faith. A finding of recklessness is a much closer question, but is not compelled from the record. The Court will exercise its discretion under section 1927 and deny Best Western's request for an award of fees against Mr. Goldstein personally. *See Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998); *Wilson v. Costco Wholesale Corp.*, No. CIV05CV1220WQHWMC, 2006 WL 3841519, at *3 (S.D. Cal. June 28, 2006). The Court also will deny the request to include the additional $18,154.40 in fees in the award against Defendants under A.R.S. § 12-341.01(A). *See* Dkt. #122-1 at 23 n.1.

## III. Defendants' Arguments.

Defendants make several arguments in support of their opposition to a fee award. Dkt. #127. None has merit.

First, Defendants asserts that this case was not "heavily litigated." Dkt. #127 at 2. This assertion is belied by the Court's docket in this case, which, to date, shows 132 filings. Even if the case was not "heavily litigated," the case was complicated by Defendants' borderline frivolous filings and general failure to follow the rules and Court orders. The fees Best Western incurred in successfully prosecuting its own claims and defending against Defendants' counterclaims are not unreasonable.

Second, Defendants contend that counsel for Best Western, Arthur Pederson, did not earn the fees he charged because he engaged in "wholesale cribbing" of pleadings filed by other Best Western attorneys in prior litigation. Dkt. #127 at 2-11. Mr. Pederson acknowledges that he relied on filings from other Best Western cases in preparing the complaint and motion for injunctive relief filed in this case. Dkt. #129 at 3. He notes, however, that while he did not have to reinvent the wheel in order to commence this action, he was not absolved of his obligation to follow the Federal Rules of Civil Procedure, including Rule 11, as well as the Court's Local Rules of Civil Procedure. He further notes that the fees charged for the filing of the initial pleading and related documents amounted to less than $5,000, and all subsequent filings were unique to this case and often dictated by Defendants' own litigation strategy. The Court agrees with Best Western that Defendants' proposed 67 percent "across the board" fee reduction is not appropriate. *See* Dkt. #126 at 19.

Third, Defendants assert that Best Western cases litigated by other counsel resulted in substantially smaller fee awards. Dkt. #127 at 3. Those cases, however, ended at the default judgment stage. *See id.* at 4-7. This action has been litigated for more than a year and was decided on summary judgment.

Finally, Defendants assert that the investigation of Mr. Goldstein's personal family law matters is "shocking" and should not be condoned through an award of fees. Dkt. #127 at 15 n.1. Mr. Goldstein himself put his personal legal matters at issue in this case. *See* Dkt. #92. Best Western did not make any confidential information part of the public record. *See* Dkt. #102. Defendants have not shown that Best Western or its counsel engaged in unethical or improper conduct.

**IV. Conclusion.**

Defendants concede that Best Western is entitled to an award of attorney fees under A.R.S. § 12-341.01(A). Defendants have not shown, and the Court does not find, that the amount of the requested fee award is unreasonable. The Court will award Best Western attorney fees in the amount of $122,729.77. The Court will exercise its discretion and deny the additional fee request under 28 U.S.C. § 1927.

**IT IS ORDERED:**

1. Plaintiff Best Western International, Inc.'s motion for award of attorneys' fees (Dkt. #114) is **granted in part** and **denied in part**.
2. Pursuant to A.R.S. § 12-341.01(A), attorney fees in the total amount of **$122,729.77** are awarded in favor of Plaintiff and against Defendants, jointly and severally.
3. The request for an award of attorney fees pursuant to 28 U.S.C. § 1927 is **denied**.

DATED this 30th day of October, 2009.

*David G. Campbell*
David G. Campbell
United States District Judge